**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GRANGE MUTUAL CASUALTY           :
COMPANY,                         :
                                 :
    Plaintiff,             :
                                 :    CIVIL ACTION NO.
v.                               :    1:14-CV-03283-RWS
                                 :
BORIS WOODARD and SUSAN          :
WOODARD,                         :
                                 :
    Defendants.            :

## <u>ORDER</u>

This case comes before the Court on Defendants' Motion for Summary

Judgment [15], Plaintiff's Motion for Summary Judgment [29], and

Defendants' Motion to Supplement the Record [36].  After reviewing the

record, the Court enters the following Order.

## Background

This case arises out of an automobile accident involving Thomas

Dempsey, Anna Woodard, and Defendant Boris Woodard, in which Anna

Woodard sustained fatal injuries.  (Defs.' SOMF, Dkt. [15-1] ¶¶ 1-2.)

Defendants Boris and Susan Woodard ("Defendants") are Anna Woodard's

parents.  Plaintiff Grange Mutual Casualty Company ("Plaintiff") insures

Thomas Dempsey.  (Id. ¶ 6.)

Defendants, through their attorney, sent an offer to Plaintiff to settle Defendants' claims for injuries and wrongful death.  (Id. ¶ 12.)  While the parties dispute the terms for acceptance of the offer, the following is undisputed.  The offer listed eleven provisions under a heading stating: "The following items must be noted and fully and strictly complied with in order to accept this offer."  (Settlement Offer, Dkt. [1-2] at 3.)  The first provision required acceptance within thirty days of the offer.  (Id.)  The second provision stated: "Your acceptance of this offer must be made in writing to me at the above address shown in my letterhead."  (Id.)  The fourth and fifth provisions stated:

> If payment is not tendered in cash pursuant to OCGA 9-11-
> 67.1(f)(1), payment in the amount of $50,000 must be made
> payable to [Defendants] within ten (10) days after your written
> acceptance of this offer to settle. Timely payment is an essential
> element of acceptance.

(Id. at 4.)

Within thirty days, Plaintiff wrote a letter to Defendants stating that Plaintiff accepted Defendants' demand.  (Pl.'s SOMF, Dkt. [29] ¶ 20.)  Within ten days of Plaintiff's written acceptance, Plaintiff e-mailed Defendants to

AO 72A
(Rev.8/82)

inform them that the checks were being issued that day.  (Id. ¶ 38.)  After the ten-day window had passed, Defendants informed Plaintiff that the settlement checks had not arrived, and so Plaintiff had failed to accept the offer.  (Id. ¶ 42.)  Plaintiff responded, stating that there was an error in processing the checks, and an incorrect address was printed on the envelope.  (Defs.' SOMF, Dkt. [15-1] ¶ 24.)  Plaintiff issued new checks and sent them to Defendants. (Pl.'s SOMF, Dkt. [29-2] ¶ 48.)  Defendants refused to accept the checks upon their arrival.  (Id.)

Plaintiff now brings this action seeking enforcement of the alleged agreement between Plaintiff and Defendants.  Defendants move for summary judgment, asserting that there was no agreement between the parties.  Plaintiff also moves for summary judgment, alleging that Plaintiff accepted Defendants' settlement offer, forming an enforceable settlement agreement.

## Discussion

## I.   Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

3

56(a).  "The moving party bears 'the initial responsibility of informing the . . .

court of the basis for its motion, and identifying those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357

F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986) (internal quotations omitted)).  Where the moving party makes

such a showing, the burden shifts to the non-movant, who must go beyond the

pleadings and present affirmative evidence to show that a genuine issue of

material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257

(1986).  The applicable substantive law identifies which facts are material.  Id.

at 248.  A fact is not material if a dispute over that fact will not affect the

outcome of the suit under the governing law.  Id.  An issue is genuine when the

evidence is such that a reasonable jury could return a verdict for the non-

moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all

evidence and draw all reasonable inferences in the light most favorable to the

non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th

4

Cir. 2002).  But, the court is bound only to draw those inferences that are

reasonable.  "Where the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party, there is no genuine issue for trial."

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations

omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met

its burden under Rule 56(a), the nonmoving party "must do more than simply

show there is some metaphysical doubt as to the material facts").

## II.    Analysis[1]

Plaintiff and Defendants dispute whether there was a settlement

agreement between the parties.  If the existence of an agreement is disputed, the

proponent of the agreement must establish its existence.  Herring v. Dunning,

446 S.E.2d 199, 202 (Ga. Ct. App. 1994).  Thus, Plaintiff has the burden of

establishing that an agreement existed.  In order to do so, Plaintiff must prove

---

[1]For the purposes of completing the record, the Court **GRANTS** Defendants'
Motion to Supplement the Record [36].  However, the Court does not find the
supplementary evidence material to its decision.

AO 72A
(Rev.8/82)

that the parties' agreement had four elements: "parties able to contract, a

consideration moving to the contract, the assent of the parties to the terms of

the contract, and a subject upon which the contract can operate."  O.C.G.A. §

13-3-1.  At issue here is only whether the parties assented to the terms of the

contract.

First, Plaintiff asserts that Defendants set the terms of acceptance when

they stated in the demand letter:  "Your acceptance of this offer must be made

in writing to me at the above address shown in my letterhead."  (Pl.'s MSJ,

Dkt. [29] at 15.)  Plaintiff argues that it fully complied with this condition by

timely sending Defendants a letter dated July 22, 2014, stating that Plaintiff

accepted Defendants' demands.  (Pl.'s SOMF, Dkt. [29-2] ¶ 20.)

But as Defendants note, the demand letter includes eleven provisions

under the heading: "The following items must be noted and fully and strictly

complied with in order to accept this offer."  (Def.'s SOMF, Dkt. [15-1] ¶ 15.)

In addition to requiring timely receipt of written acceptance, these provisions

also require timely payment as an "essential element of acceptance."

(Settlement Offer, Dkt [1-2] at 3.)  Plaintiff asserts that Defendants could not

require timely payment as a condition of acceptance under O.C.G.A. § 9-11-

67.1, which sets out the terms that must be included in an offer to settle a tort claim before filing a civil action.  Plaintiff notes that the statute allows a party to require payment within a specified period under the terms of the settlement agreement, but it does not expressly permit payment to be an essential term of acceptance.  See O.C.G.A. § 9-11-67.1(g) ("Nothing in this Code section shall prohibit a party making an offer to settle from requiring payment within a specified period . . . .").  Defendants point out, however, that the statute also provides: "Nothing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to the parties." Id. § 9-11-67.1(c).  Therefore, the statute does not prohibit a party from requiring payment as a condition of acceptance.  See also Atkinson v. Cook, 518 S.E.2d 413, 414 (Ga. Ct. App. 1999) (explaining that "an offeror is the master of his or her offer, and free to set the terms thereof," and thus "an offeree's failure to comply with the precise terms of an offer generally is fatal to the formation of a[] valid contract").  Here, written acceptance was but one element of acceptance set out in the settlement offer.  Thus, the Court finds that Plaintiff could not fully satisfy Defendants' terms of acceptance through written acceptance alone.

7

Second, Plaintiff asserts that even if payment was an essential element of acceptance, Plaintiff satisfied this provision when it issued settlement checks payable to Defendants in a timely manner.  (Pl.'s MSJ, Dkt. [29] at 21.) Indeed, even though the first checks did not arrive, Plaintiff informed Defendants that the checks had been issued in an email dated July 29, 2014. (Pl.'s SOMF, Dkt. [29-1] ¶ 38.)  Defendants respond that the demand letter required Plaintiff to pay, and not simply write the checks, in order to accept the terms of the offer.  (Defs.' MSJ, Dkt. [15] at 1.)

Paragraphs four and five state:

If payment is not tendered in cash pursuant to OCGA 9-11-67.1(f)(1), payment in the amount of $50,000 must be made payable to [Defendants] within ten (10) days after your written acceptance of this offer to settle. Timely payment is an essential element of acceptance.

(Settlement Offer, Dkt [1-2] at 4.)  The Court finds that any ambiguity created by the first sentence is immediately cured by the second sentence.  Timely *payment*, and not just writing the checks in a timely manner, was an essential element of acceptance.  The Court must rely upon the ordinary meaning of the term "payment" because the demand letter does not otherwise define the term. "[P]ayment requires both receipt of funds by the creditor and the intention of

8

both parties that the funds should constitute payment." 60 AM. JUR. 2d

*Payment* § 1; <u>see also</u> BLACK'S LAW DICTIONARY 1243 (9th ed. 2009)

(defining payment as "Performance of an obligation by the delivery of money

or some other valuable thing accepted in partial or full discharge of the

obligation").

     While there is some factual dispute between the parties, these facts do

not affect the outcome of the present case.  As a matter of law, the Court finds

that acceptance of Defendants' offer required Plaintiff's timely payment of the

settlement amount in addition to written acceptance.  Both parties admit that

Defendants notified Plaintiff, stating that timely payment had not been

received, and that Plaintiff responded, stating that there had been a mailing

address error.  From these facts, the Court finds that notwithstanding any

inadvertent error, Plaintiff failed to pay on time, and consequently, failed to

accept Defendants' settlement offer.  For these reasons, the parties did not form

a binding settlement contract.

### Conclusion

     Based on the foregoing, Defendants' Motion for Summary Judgment

[15] is **GRANTED**, Plaintiff's Motion for Summary Judgment [29] is

**DENIED**, and Defendants' Motion to Supplement the Record [36] is

**GRANTED**.  The Clerk shall close the case.

      **SO ORDERED**, this 25th day of June, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)